IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| CINCINNATI HOLDING COMPANY, LLC | CASE NO. 1:17-cv-00105 |
| Plaintiff, | JUDGE MICHAEL R. BARRETT |
| | MAGISTRATE JUDGE LITKOVITZ |
| v. | |
| FIREMAN'S FUND INSURANCE COMPANY | **ANSWER TO COMPLAINT** |
| | **[JURY DEMAND ENDORSED HEREON]** |
| Defendant. | |

Defendant Fireman's Fund Insurance Company ("Fireman's Fund") states for its Answer to the Complaint of Plaintiff Cincinnati Holding Company, LLC ("Cincinnati Holding"):

## I. AVERMENTS

1. Fireman's Fund admits that Cincinnati Holding is a limited liability company organized under the laws of the State of Ohio with its principal place of business in Floral Park, New York. Further answering, Fireman's Fund admits that Cincinnati Holding owns a shopping mall located at 1047 Cincinnati Mills Drive, Cincinnati, Ohio, 45240, known as Forest Fair Village. Further answering, Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of Cincinnati Holding's Complaint

2. Fireman's Fund admits that it is a corporation organized pursuant to the laws of the State of California with its principal place of business located in California. Further answering, Fireman's Fund admits that it is engaged in the business of insurance in Ohio. Further answering, Fireman's Fund denies the remaining allegations set forth in Paragraph 2 of Cincinnati Holding's Complaint.

1

3. Fireman's Fund admits the allegations set forth in Paragraph 3 of Cincinnati Holding's Complaint.

4. Fireman's Fund admits that venue of this matter is proper pursuant to 28 U.S.C. § 1391. Further answering, Fireman's Fund denies the remaining allegations set forth in Paragraph 4 of Cincinnati Holding's Complaint.

5. Fireman's Fund admits that it issued Policy No. S66DXX80931530 to Cincinnati Holding, effective November 15, 2011 to November 15, 2012 ("2011-2012 Policy"). Further answering, Fireman's Fund admits that it issued Policy No. S66DXX80945171 to Cincinnati Holding, effective October 8, 2012 to October 8, 2013 ("2012-2013 Policy"). Further answering, Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of Cincinnati Holding's Complaint.

6. Fireman's Fund admits the allegations set forth in Paragraph 6 of Cincinnati Holding's Complaint.

7. Fireman's Fund admits the allegations set forth in Paragraph 7 of Cincinnati Holding's Complaint.

8. Fireman's Fund admits that subject to their terms and conditions the 2011-2012 Policy and 2012-2013 Policy provided certain property coverage. Further answering, Fireman's Fund denies the remaining allegations set forth in Paragraph 8 of Cincinnati Holding's Complaint.

9. Fireman's Fund denies the allegations set forth in Paragraph 9 of Cincinnati Holding's Complaint.

10. Fireman's Fund admits Cincinnati Holding filed a lawsuit captioned, *Cincinnati Holding Co., LLC v. Nantucket Promotions, LLC, et al.*, in the Court of Common Pleas for Hamilton County, Ohio, Case No. A1603310. Further answering, Fireman's Fund is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of Cincinnati Holding's Complaint.

11. Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Cincinnati Holding's Complaint.

12. Fireman's Fund denies the allegations set forth in Paragraph 12 of Cincinnati Holding's Complaint.

13. Fireman's Fund admits that Cincinnati Holding submitted a claim for loss or damage within the "Bigg's space" at Forest Fair Village, 1047 Cincinnati Mills, Cincinnati, Ohio 45240 ("Bigg's Space Claim"). Further answering, Fireman's Fund denies the remaining allegations set forth in Paragraph 13 of Cincinnati Holding's Complaint.

14. Fireman's Fund admits that by letter of September 12, 2014, it advised Cincinnati Holding that it was investigating the Bigg's Space Claim subject to reservation of rights. Further answering, Fireman's Fund denies the remaining allegations set forth in Paragraph 14 of Cincinnati Holding's Complaint.

15. Fireman's Fund admits that Cincinnati Holding submitted to it a Sworn Statement In Proof Of Loss. Further answering, Fireman's Fund denies the remaining allegations set forth in Paragraph 15 of Cincinnati Holding's Complaint.

16. Fireman's Fund admits the allegations set forth in Paragraph 16 of Cincinnati Holding's Complaint.

17. Fireman's Fund admits the allegations set forth in Paragraph 17 of Cincinnati Holding's Complaint.

18. Fireman's Fund denies the allegations set forth in Paragraph 18 of Cincinnati Holding's Complaint.

19. Fireman's Fund denies the allegations set forth in Paragraph 19 of Cincinnati Holding's Complaint.

20. Fireman's Fund restates Paragraphs 1-19 of its Answer.

21. Fireman's Fund admits the allegations set forth in Paragraph 21 of Cincinnati Holding's Complaint.

22. Fireman's Fund denies the allegations set forth in Paragraph 22 of Cincinnati Holding's Complaint.

23. Fireman's Fund admits it declined coverage for the Bigg's Space Claim. Further answering, Fireman's Fund denies the remaining allegations set forth in Paragraph 23 of Cincinnati Holding's Complaint.

24. Fireman's Fund denies the allegations set forth in Paragraph 24 of Cincinnati Holding's Complaint.

25. Fireman's Fund denies the allegations set forth in Paragraph 25 of Cincinnati Holding's Complaint.

26. Fireman's Fund restates its Paragraphs 1-25 of its Answer.

27. Fireman's Fund admits that Cincinnati Holding seeks declaratory judgment. Further answering, Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of Cincinnati Holding's Complaint.

28. Fireman's Fund admits that Cincinnati Holding notified it of the Bigg's Space Claim. Further answering, Fireman's Fund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of Cincinnati Holding's Complaint.

29. Fireman's Fund denies the allegations set forth in Paragraph 29 of Cincinnati Holding's Complaint.

30. Fireman's Fund admits that a controversy exists between Cincinnati Holding and Fireman's Fund. Further answering, Fireman's Fund denies the remaining allegations set forth in Paragraph 30 of Cincinnati Holding's Complaint.

31. Fireman's Fund denies the allegations set forth in Paragraph 31 of Cincinnati Holding's Complaint.

## II. AFFIRMATIVE DEFENSES

### FIRST DEFENSE

32. Cincinnati Holding's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

33. Cincinnati Holding's Complaint is barred, in whole or in part, by the applicable period of limitations.

### THIRD DEFENSE

34. Coverage as alleged in the Complaint is barred, in whole or in part, by the Insuring Agreements of the 2011-2012 Policy and/or the 2012-2013 Policy.

### FOURTH DEFENSE

35. Coverage as alleged in the Complaint is barred, in whole or in part, by Exclusion 2.d. of the 2011-2012 Policy and/or the 2012-2013 Policy, which provide, in pertinent part:

**Property-Gard Select Real and Personal Property Coverage Section**

\* \* \*

**D. Exclusions**

* * *

2. This Coverage Section does not insure against loss or damage caused by or resulting from any of the following:

    * * *

    d. Dishonest or criminal acts by you, any of your partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

        (1) Acting alone or in collusion with others; or

        (2) Whether or not occurring during the hours of employment.

        This exclusion does not apply to Covered Property that is entrusted to others who are carriers for hire or to acts of destruction by your employees. However, theft by employees is not covered.

## FIFTH DEFENSE

36. Coverage as alleged in the Complaint is precluded, in whole or in part, by Exclusion 3.h of the 2011-2012 Policy and/or the 2012-2013, which provide, in pertinent part:

**Property-Gard Select Real and Personal Property Coverage Section**

* * *

**D. Exclusions**

* * *

3. This Coverage Section does not insure against loss, damage or expense caused by or resulting from the following. But if loss or damage from a covered cause of loss results, we will pay for that resulting loss or damage.

* * *

> h. Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body[.]

## **SIXTH DEFENSE**

37. Coverage as alleged in the Complaint is precluded, in whole or in part, by Exclusion 3.i of the 2011-2012 Policy and/or the 2012-2013, which provide, in pertinent part:

**Property-Gard Select Real and Personal Property Coverage Section**

> \* \* \*
>
> **D. Exclusions**
>
> \* \* \*
>
> 3. This Coverage Section does not insure against loss, damage or expense caused by or resulting from the following. But if loss or damage from a covered cause of loss results, we will pay for that resulting loss or damage.
>
> \* \* \*
>
> i. Faulty, inadequate or defective:
>
> (1) Planning, zoning, development, surveying, siting;
>
> (2) Design specifications, workmanship, repair, construction, renovation, remodeling, grading compaction;
>
> (3) Materials used in repair, construction, renovation, or remodeling; or
>
> (4) Maintenance;
>
> of part or all of any property wherever located.

**SEVENTH DEFENSE**

38. Coverage as alleged in the Complaint is precluded, in whole or in part, by Exclusion II.A. of the Vacancy Limitation Endorsement of the 2011-2012 Policy and/or the 2012-2013, which provide, in pertinent part:

**Vacancy Limitation Endorsement**

\* \* \*

II. Vacancy Provisions

A. We will not pay for loss or damage occurring while a described building, whether intended for occupancy by owner or tenant, is vacant beyond a period of 60 consecutive days unless existing fire protection, watch and alarm services are properly maintained or unless you notify us in writing prior to the 60th consecutive day such building remains vacant.

**EIGHTH DEFENSE**

39. Coverage as alleged in the Complaint is precluded, in whole or in part, by the Declarations, Insuring Agreements, Definitions, Exclusions, Conditions, Clauses, and/or Endorsements of the 2011-2012 Policy and/or the 2012-2013 Policy.

**NINTH DEFENSE**

40. Coverage as alleged in the Complaint is precluded, in whole or in part, because the alleged loss or damage was not fortuitous.

**TENTH DEFENSE**

41. Coverage as alleged in the Complaint is uninsurable and barred as a matter of the law and/or public policy of the State of Ohio.

### ELEVENTH DEFENSE

42. Fireman's Fund is entitled to a set-off with respect to any recovery by Cincinnati Holding in the case captioned, *Cincinnati Holding Co., LLC v. Nantucket Promotions, LLC, et al.*, in the Court of Common Pleas for Hamilton County, Ohio, Case No. A1603310.

### TWELFTH DEFENSE

43. Coverage as alleged in the Complaint is barred, in whole or in part, by the comparative fault of Cincinnati Holding.

### THIRTEENTH DEFENSE

44. Any issues as to coverage under 2011-2012 Policy and the 2012-2013 Policy are genuine and fairly debatable.

### FOURTEENTH DEFENSE

45. Cincinnati Holding failed to mitigate any damages that it now seeks by way of the Complaint.

### FIFTEENTH DEFENSE

46. The Complaint is barred, in whole or in part, by the doctrine of estoppel.

### SIXTEENTH DEFENSE

47. The Complaint is barred, in whole or in part, by the doctrine of waiver.

### SEVENTEENTH DEFENSE

48. The Complaint is barred, in whole or in part, by the doctrine of laches.

### EIGHTEENTH DEFENSE

49. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## NINETEENTH DEFENSE

50. Fireman's Fund respectfully reserves the right to amend its Answer to assert such additional denials, affirmative defenses, cross-claims, counterclaims, and/or third-party complaints as Fireman's Fund may discover during the course of this case.

WHEREFORE, Fireman's Fund respectfully demands that the Complaint be dismissed, with prejudice, costs, and reasonable attorney fees.

Respectfully submitted,

*/s/ Crystal L. Maluchnik*
STEVEN G. JANIK (0021934)
CRYSTAL L. MALUCHNIK (0077875)
JANIK L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
(440) 838-7600 * Fax (440) 838-7601
Email: Steven.Janik@janiklaw.com
Crystal.Maluchnik@janiklaw.com

*Attorneys for Defendant Fireman's Fund Insurance Company*

## JURY DEMAND

Fireman's Fund demands a trial by jury.

*/s/ Crystal L. Maluchnik*
*Attorneys for Defendant Fireman's Fund Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Crystal L. Maluchnik*
*One of the Attorneys for Defendant Fireman's Fund Insurance Company*