UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CINCINNATI HOLDING COMPANY, LLC** | ) ) | |
| | ) | Civil Action No. 1:17-cv-00105 |
| Plaintiff, | ) ) | (Judge Michael R. Barrett) |
| | ) | (Magistrate Judge Litkovitz) |
| -v- | ) ) | |
| **FIREMAN'S FUND INSURANCE COMPANY** | ) ) | **JOINT DISCOVERY PLAN** **(RULE 26(f) REPORT)** |
| | ) | |
| Defendant. | ) | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on April 18, 2017.

**A.     MAGISTRATE CONSENT**

The Parties:

☐     unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☒     do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐     unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

**B.     RULE 26(a) DISCLOSURES**

☐     The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☒     The parties will exchange such disclosures by May 18, 2017.

☐     The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE: Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

**C.     DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on the issues of:

    (a) Coverage under the insurance policy at issue and whether Defendant breached the contract of insurance.

2. The parties recommend that discovery:

    ☐ need not be bifurcated

    ☐ should be bifurcated between liability and damages

    ☒ should be bifurcated between factual and expert

    ☐ should be limited in some fashion or focused upon particular issues which relate to _____

3. Disclosure and report of Plaintiff's expert(s) by September 1, 2017.

4. Disclosure and report of Defendant's expert(s) by October 2, 2017.

5. Disclosure and report of rebuttal expert(s) by November 1, 2017.

6. Disclosure of non-expert (fact) witnesses by July 1, 2017.

7. Discovery cutoff: **Fact – September 1, 2017  /  Expert - December 1, 2017.**

8. Anticipated discovery problems:

    ☐ _____

    ☒ None

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

<u>The parties intend to exchange key documents on issues relating to coverage in an attempt to engage in early settlement evaluation.  The parties currently are discussing the timing and logistics for a mediation.  In the event an impasse is reached as to an early settlement, the parties anticipate customary discovery will be conducted, with depositions of fact and expert witnesses.  The parties anticipate dispositive motions would be filed at the close of discovery.</u>

10. Discovery of Electronically Stored Information.  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

  X   Yes

\_\_\_\_\_ No

      i. The parties have electronically stored information in the following formats:

_____

_____

      ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

_____

_____

11. Claims of Privilege or Protection.  The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

  X   Yes

\_\_\_\_\_ No

      i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

3

<u>Because this is an insurance coverage action, Defendant's "claims file" may be sought by Plaintiff which may present privilege objections.</u>

      ii.    Have the parties agreed on a procedure to assert such claims AFTER production?

    \_\_\_\_\_ No

    __X__ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

<u>The parties anticipate that if a protective order is necessary to govern the exchange of confidential documents, the order would also address the clawback of privileged or work product materials. The parties do not anticipate any difficulties with respect to voluntarily returning privileged or work product documents to the producing party which have been inadvertently produced under Fed. R. Evid. 502.</u>

**D.**    **LIMITATIONS ON DISCOVERY**

    1.    Changes in the limitations on discovery

        ☐    Extension of time limitations (currently one day of seven hours) in taking of depositions to _____.

        ☐    Extension of number of depositions (currently 10) permitted to _____.

        ☐    Extension of number of interrogatories (currently 25) to _____.

        ☐    Other: _____.

        ☒    None

**E.**    **PROTECTIVE ORDER**

        ☐    A protective order will likely be submitted to the Court on or before _____.

        ☒    The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F. 3d 219 (6th Cir. 1996).

**F.**    **SETTLEMENT**

A written settlement demand has not been made.

A response has not been made.

A demand can be made by June 1, 2017.

A response can be made by July 2, 2017.

G. **MOTION DEADLINES**

    1.    Motion to amend the pleadings and/or add parties by June 17, 2017.

    2.    Motions relative to the pleadings by July 14, 2017.

    3.    Dispositive motions by December 15, 2017.

H. **OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

There is pending before the Hamilton County Court of Common Pleas a civil action between Plaintiff and multiple defendants styled as *Cincinnati Holding Co., LLC vs. Nantucket Promotions, LLC*, *et al.*, Hamilton County Court of Common Pleas, Hamilton County, Ohio, Case No. A1603310. The discovery in that underlying case may be relevant to factual issues in this case.

Respectfully Submitted,

/s/ Daniel E. Izenson
Daniel E. Izenson (0047086)
Anthony M. Verticchio (0084645)
Meaghan K. FitzGerald (0092003)
Keating Muething & Klekamp, PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone:  (513) 579-6480
Fax:  (513) 579-6457
dizenson@kmklaw.com
tverticchio@kmklaw.com
mfitzgerald@kmklaw.com

*Attorneys for Plaintiff*
*Cincinnati Holding Co., LLC*

/s/ Crystal L. Maluchnik by DEIzenson
per email authorization 5/7/17
Steven G. Jankik (0021934)
Crystal L. Maluchnik (00778765)
Janik L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
Phone:  (440) 838-7600
Fax:  (440) 838-7601
Steven.Janik@janiklaw.com
Crystal.Maluchnik@janiklaw.com

*Attorneys for Defendant*
*Fireman's Fund Insurance Company*

7540966.2